**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| REBECCA ANN JARAMILLO, | ) | NO. CV 14-3827-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on May 21, 2014, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on June 14, 2014.

Plaintiff filed a motion for summary judgment on December 1, 2014.[1]  Defendant filed a cross-motion for summary judgment on December 31, 2014.  The Court has taken both motions under submission

_____

[1]    Plaintiff's motion violates paragraph VI of this Court's "Order," filed May 27, 2014.  Counsel for Plaintiff shall heed the Court's orders in the future.

without oral argument.  See L.R. 7-15; "Order," filed May 27, 2014.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since January 26, 2011, based on a combination of alleged exertional and non-exertional impairments (Administrative Record ("A.R.") 26, 52-65, 155).  From 2010 through at least part of 2012, Plaintiff received treatment for her alleged impairments from the Clinica Medica del Sol Group, Inc. ("Clinica Medica") (A.R. 207, 311-29).  On October 5, 2012, Dr. Herman Carillo, one of the physicians at Clinica Medica, signed a "Residual Functional Capacity Questionnaire" ("RFC Questionnaire") (A.R. 373).  The RFC Questionnaire opined that Plaintiff's impairments disable her from all employment (A.R. 370-73).

Dr. Carillo's precise role in Plaintiff's treatment at Clinica Medica is uncertain on the present record.  The RFC Questionnaire appears to reflect that Dr. Carillo is a "treating source" who has "monthly" contact with Plaintiff (A.R. 370, 373).  Similarly, a "Disability Report" from 2012 appears to reflect that Plaintiff saw Dr. Carillo for treatment at Clinica Medica "on a regular basis" (A.R. 207).  Yet, Plaintiff appears to have testified that Plaintiff did not see Dr. Carillo (A.R. 65-66).  Plaintiff testified she saw another Clinica Medica doctor (Dr. Marvin Urbina) and a physician's assistant (David Saavedra) who reportedly worked under Dr. Carillo (A.R. 65-66; see A.R. 313).

///

///

1    In finding Plaintiff not disabled despite severe impairments, the

2    Administrative Law Judge ("ALJ") relied on the opinions of non-

3    treating, non-examining physicians who had reviewed some but not all

4    of Plaintiff's medical records (A.R. 31-34, 111, 119, 251-54).  The

5    ALJ did not order that Plaintiff be examined by any consultative

6    physician.  The ALJ rejected the opinions expressed in the RFC

7    Questionnaire by stating:

8

9        I do not give significant weight to Dr. Carillo's opinion

10       that the claimant can perform significantly less than even

11       sedentary work.  Dr. Carillo's assessment is inconsistent

12       with the objective medical evidence and the longitudinal

13       treatment record as a whole.  I also note that the claimant

14       testified that she is not seen or treated by Dr. Carillo.

15       Accordingly, his opinion is not entitled to greater weight

16       than I afford to the opinion of the [non-treating, non-

17       examining physicians].

18

19   (A.R. 33).  The Appeals Council received and considered additional

20   medical records, but denied review (A.R. 1-6, 249-54).

21

22                           **STANDARD OF REVIEW**

23

24       Under 42 U.S.C. section 405(g), this Court reviews the

25   Administration's decision to determine if: (1) the Administration's

26   findings are supported by substantial evidence; and (2) the

27   Administration used correct legal standards.  See Carmickle v.

28   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the

first time to the Appeals Council "to determine whether, in light of
the record as a whole, the ALJ's decision was supported by substantial
evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,
957 n.7 (9th Cir. 1993) ("the Appeals Council considered this
information and it became part of the record we are required to review
as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

"The ALJ has a special duty to fully and fairly develop the
record and to assure that the claimant's interests are considered.
This duty exists even when the claimant is represented by counsel."
Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v.
Commissioner, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v.
Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are
inquisitorial rather than adversarial.  It is the ALJ's duty to
investigate the facts and develop the arguments both for and against
granting benefits. . . ."); Widmark v. Barnhart, 454 F.3d at 1068
(while it is a claimant's duty to provide the evidence to be used in
making a residual functional capacity determination, "the ALJ should
not be a mere umpire during disability proceedings") (citations and
internal quotations omitted); Smolen v. Chater, 80 F.3d 1273, 1288
(9th Cir. 1996) ("If the ALJ thought he needed to know the basis of
Dr. Hoeflich's opinions in order to evaluate them, he had a duty to
conduct an appropriate inquiry, for example, by subpoenaing the
physicians or submitting further questions to them.  He could also
have continued the hearing to augment the record.") (citations
omitted).

As discussed below, full and fair record development in the present case requires additional inquiry into the role of Dr. Carillo in Plaintiff's treatment at Clinica Medica and the bases for the opinions expressed in the RFC Questionnaire.  Full and fair record development also requires that the Administration order a consultative examination of Plaintiff rather than place exclusive reliance on the non-examining physicians' review of an incomplete medical record.

The role of Dr. Carillo presents a particularly significant issue because of the deference ordinarily owing to the opinions of a "treating physician."  A "treating physician's" conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions).  Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may

---

[2]    Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons.  Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

If Dr. Carillo qualifies as a "treating physician," the reasons the ALJ stated for rejecting the opinions expressed in the RFC Questionnaire were legally insufficient.  The ALJ's references to "the objective medical evidence and the longitudinal treatment record as a whole" were impermissibly vague and unspecific.  See, e.g., McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . .").[3]

As previously demonstrated, the present record leaves uncertain the issue of Dr. Carillo's role in Plaintiff's treatment at Clinica Medica.  Further record development presumably could clarify the extent, if any, to which Dr. Carillo has been involved in Plaintiff's

---

[3]     Defendant's motion attempts to identify more specific respects in which the medical evidence and treatment record assertedly fail to support the opinions expressed in the RFC Questionnaire (Defendant's motion at 2-3).  However, Defendant cannot now remedy the ALJ's lack of specificity.  See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.").

treatment.  Notably, a physician supervising a patient's treatment need not have had a great deal of direct contact with the patient to qualify as a "treating physician."  See Benton v. Barnhart, 331 F.3d 1030, 1038-39; see also Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (characterizing the "treating physician" standard as vague and fact-specific).

Moreover, even if Dr. Carillo did not qualify as a "treating physician," the ALJ should have inquired further into the bases for the opinions expressed in the RFC Questionnaire.  Assuming Dr. Carillo never saw Plaintiff, it appears likely that the opinions expressed in the RFC Questionnaire derived from information and opinions transmitted to Dr. Carillo by Dr. Urbina, who evidently would qualify as one of Plaintiff's "treating physicians."

In the absence of any opinion from an examining physician supporting a finding of non-disability, the Administration's reliance on the opinions of non-treating, non-examining physicians was problematic for several reasons.  First, it is legal error for the Administration to rely solely on the opinions of non-examining physicians.  See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993).  Second, to the extent the opinions expressed in the RFC Questionnaire qualify as those of a "treating physician," the contrary views of non-examining physicians cannot provide substantial evidence to reject those opinions.  Lester v. Chater, 81 F.3d at 831; see also Orn v. Astrue, 495 F.3d at 632 ("When [a nontreating] physician relies on the same clinical findings as a treating physician, but differs only in

his or her conclusions, the conclusions of the [nontreating] physician are not 'substantial evidence.'"); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (nonexamining physician's conclusions, with nothing more, not substantial evidence in light of "the conflicting observations, opinions, and conclusions" of examining physician). Third, the non-examining physicians on which the Administration relied in the present case did not have the entire medical record to review, which further renders their opinions suspect. <u>See, e.g.</u>, <u>Campbell v. Astrue</u>, 627 F.3d 299, 309 (7th Cir. 2010). Accordingly, if (after further inquiry), the Administration continues to reject the opinions expressed in the RFC Questionnaire, the Administration should order a consultative examination of Plaintiff. <u>See Reed v. Massanari</u>, 270 F.3d 838, 843 (9th Cir. 2001) (where available medical evidence is insufficient to determine the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist); <u>accord</u>, <u>Kish v. Colvin</u>, 552 Fed. App'x 650 (9th Cir. 2014).

The Court is unable to conclude that the above-discussed errors were harmless. <u>See Treichler v. Commissioner</u>, 2014 WL 7332774, at *11 (9th Cir. Dec. 24, 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain or ambiguous, the proper approach is to remand the case to the agency"); <u>Garcia v. Commissioner</u>, 768 F.3d at 932-34 (a failure to develop the record is not harmless unless it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination"; citing <u>Tommasetti v. Astrue</u>, 533 F.3d 1035 (9th Cir. 2008)); <u>see also</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the

case' that further administrative review is needed to determine

whether there was prejudice from the error").

    Because the circumstances of this case suggest that further

administrative review could remedy the Administration's errors, remand

is appropriate.  See McLeod v. Astrue, 640 F.3d at 888; see also INS

v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative

determination, the proper course is remand for additional agency

investigation or explanation, except in rare circumstances); Treichler

v. Commissioner, 2014 WL 7332774, at *8 n.5 (remand for further

administrative proceedings is the proper remedy "in all but the rarest

cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court

will credit-as-true medical opinion evidence only where, inter alia,

"the record has been fully developed and further administrative

proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d

1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand

for further proceedings rather than for the immediate payment of

benefits is appropriate where there are "sufficient unanswered

questions in the record").

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 15, 2015.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled."  See Garrison v. Colvin, 759 F.3d at 1021.